Dear Mr. Bernard:
You ask the following legal question:
 May an individual concurrently hold the following three offices:
 (1) Commission member of the Waterworks District #1 of Natchitoches Parish, (2) Commission member of the Natchitoches Parish Port Commission, and (3) Police Juror of the Natchitoches Parish Police Jury?
Resolution of your inquiry first requires us to define the three referenced offices to determine the applicability of Louisiana's Dual Officeholding and Dual Employment Laws, R.S.42:61, et seq. Of interest here is a recitation of the pertinent provisions of that law, providing:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
 * * *
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including school board and special district, authorized by law to perform governmental functions. In addition, for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrar of voters, and all other elected parochial officials shall be separate political subdivisions.
 * * *
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
Commissioner of the Waterworks District No. 1 of the Parish of Natchitoches is a local appointive office created under the auspices of R.S. 33:3811. The waterworks district is a creature of the parish police jury, and membership on the board governing the district constitutes a part-time local appointive office within a political subdivision of the state for purposes of dual officeholding.
The Natchitoches Parish Port Commission is created under the authority of R.S. 34:3151. Membership with the port commission constitutes part-time appointive office within a political subdivision of the state for purposes of dual officeholding.
The third position of parish police juror is a local elective office for purposes of dual officeholding.
The prohibitions as stated in R.S. 42:63(D) quoted above do not prohibit an individual from simultaneously holding local elective office and two part-time local appointive offices.
However, of concern would be the prohibition of R.S. 42:64, providing in part:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent.
R.S. 42:64 generally prohibits the members of a governing body from appointing themselves to a board over which the "parent" board retains appointive power. See Attorney General Opinion 99-144, copy attached.
A waterworks district is a creature of the parish police jury. A waterworks district commission created pursuant to R.S.33:3813C(1) has a board membership of eight members, six to be appointed by the police jury and the remaining two positions to be appointed by the municipality included within the district. Because the waterworks district is a creature of the parish, the commission may count within its membership an individual who concurrently serves as police juror, as R.S. 42:64 specifically permits same.
With respect to the Natchitoches Port Commission, two commissioners are appointed by the municipal governing authority, and two commissioners are appointed by the parish police jury pursuant to R.S. 34:3151. Because the individual in question is to be appointed to the port commission by the municipal governing authority and not the police jury the prohibition of R.S. 42:64
is inapplicable.
In summary, an individual may simultaneously hold the positions of Commissioner of the Waterworks District #1 of Natchitoches Parish, Commissioner of the Natchitoches Parish Port Commission, and Police Juror of the Natchitoches Parish Police Jury without violating the state dual officeholding laws.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 Kerry L. Kilpatrick
Assistant Attorney General
KLK:/ams